IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| MATTHEW COOMBS, and<br>SHERRI COOMBS    PLAINTIFFS | |
| vs | CASE NO.: 3:16cv047-MPM-SAA |
| GOIDEL AND SIEGEL, LLP,<br>JONATHAN M. GOIDEL, and<br>PETER H. MCCALLION    DEFENDANTS | |

# COMPLAINT

COME NOW the Plaintiffs, MATTHEW COOMBS and SHERRI COOMBS, (hereinafter referred to as "PLAINTIFF MATTHEW COOMBS" and "PLAINTIFF SHERRI COOMBS"), by and through the undersigned counsel, and files this Complaint against Defendants GOIDEL AND SIEGEL, LLP, JONATHAN M. GOIDEL, and PETER H. MCCALLION, and would state in support thereof the following:

## THE PARTIES, JURISDICTION, AND VENUE

1. This is an action for legal malpractice brought by Plaintiffs, MATTHEW COOMBS, and his wife, SHERRI COOMBS.

2. Plaintiffs MATTHEW COOMBS and SHERRI COOMBS are husband and wife. Plaintiffs' at all material times hereto reside in the State of Florida.

3. Defendant Goidel and Siegel, LLP, (hereinafter "Defendant Firm") is a limited liability partnership law firm that is domiciled in the State of New York, and with its principal place of business at 56 W. 45th St., 3rd Floor, New York, New York 10036.

1

4. Defendant Jonathan M. Goidel (hereinafter "Defendant Goidel") is a partner in Defendant Firm, and was a partner at all material times hereto. At all material times hereto, Defendant Goidel was and is a resident of the State of New York.

5. Defendant Peter H. McCallion (hereinafter "Defendant McCallion") was an attorney employed by the Defendant Firm, at all material times hereto. Defendant McCallion was and is a resident of the State of New York.

6. Defendant Firm, Defendant Goidel, and Defendant McCallion are from time to time referred to collectively as "the Defendants."

7. The Court has personal jurisdiction over the Defendants based upon their legal representation of MATTHEW COOMBS in Case No. 2:12-CV-00102-DMB, which was litigated in United States District Court, Northern District of Mississippi, Delta Division. Thus, pursuant to Miss. Code. § 13-3-57, Mississippi's long arm statute, this Court has personal jurisdiction over the Defendants as a result of the torts committed during the underlying case by the Defendants in the State of Mississippi.

8. MATTHEW COOMBS' damages exceed $75,000.00.

9. SHERRI COOMBS' damages exceed $75,000.00.

10. Diversity jurisdiction exists pursuant to 18 U.S.C. § 1332, in that all Plaintiffs and all Defendants are citizens of separate States, or domiciled in separate States, and the Plaintiffs have each suffered damages in excess of $75,000.00.

11. A substantial part of the acts and omissions by the Defendants giving rise to the claims by the Plaintiffs occurred in Oxford, Mississippi. Defendants represented Plaintiff

MATTHEW COOMBS in connection with a personal injury case related to his exposure to toxic chemicals.

12. Given, the allegations and listed causes of action, venue is appropriate in the United States District Court for the Northern District of Mississippi, Oxford Division, pursuant to 28 U.S.C. § 1391 (b)(2).

## FACTUAL BACKGROUND GIVING RISE TO THE UNDERLYING CASE

### Greenville Holiday Inn

13. MATTHEW COOMBS was employed during the relevant time period in the Fall of 2010 by Chawla and Sons, Inc. (hereinafter "Chawla and Sons") to manage its Holiday Inn Express located in Greenville, Mississippi (hereinafter "the Greenville Hotel"). MATTHEW COOMBS also lived in this Holiday Inn.

14. The Greenville Hotel was contaminated with mold which caused injury to MATTHEW COOMBS[1].

15. The Greenville Hotel was owned and operated by Chawla and Sons, and was alleged in the underlying suit to be controlled and inspected by Intercontinental Hotels Group Resources, Inc., which was alleged to be controlled by Intercontinental Hotels Group, PLC, a United Kingdom company. Chawla and Sons was in fact the licensee of Holiday Hospitality Franchising, Inc., (hereinafter "HHF"). HHF was charged with the duty to maintain high standards of safety in the licensee hotels. HHF was also charged with the duty to inspect and consult with Chawla and Sons regarding operation, appearance, and service of the Greenville hotel. HHF agreed in its license agreement with Chawla and Sons to conscientiously seek to maintain high standards of quality,

---

[1] This mold was most likely a genus of aspergillus which resulted in MATTHEW COOMBS contracting aspergillosis.

3

cleanliness, and appearance and would consult on such matters with Chawla and Sons. HHF's judgment as to such matters was controlling in all aspects, as HHF was afforded wide latitude in making such judgments. In other words, had HHF properly inspected the premises and consulted on matters thereof, MATTHEW COOMBS would not have sustained injuries from the mold contamination at the Greenville hotel.

16. HHF failed to maintain the high standards of safety at the Greenville hotel by failing to inspect and require that Chawla and Sons eradicate the toxic mold.

### Cleveland Holiday Inn

17. MATTHEW COOMBS was employed by Chawla and Sons to manage its Holiday Inn Express located in Cleveland, MS, (hereinafter "the Cleveland Hotel") which Chawla and Sons also owned and operated.

18. MATTHEW COOMBS worked at the Cleveland Hotel from approximately December 2010 to January 2011.

19. Chawla and Sons hired Unique Refinishers, Inc. to perform refinishing and reglazing work to the bathtubs at the Cleveland Holiday Inn Express. This work was done in January of 2011.

20. MATTHEW COOMBS resided in and worked at this hotel in Cleveland, Mississippi during the time the bathtub refinishing and reglazing work was performed.

21. As part of his duties as general manager, MATTHEW COOMBS was required to supervise and inspect the work being done at the hotel by Unique Refinishers. Because he was living and working in the hotel, he was exposed continuously to the toxic fumes emanating from the dangerous chemicals Unique Refinishers, Inc. used to refinish and reglaze the bathtubs.

22. MATTHEW COOMBS performed his duties in the hotel for a period of days, suffered severe respiratory failure and was airlifted to the hospital where he was put on a life-saving respirator, and his continuously suffered pulmonary compromise.

23. MATTHEW COOMBS' exposure to the toxic refinishing and reglazing fumes and biological contamination caused or exacerbated his respiratory failure and consequent chronic pulmonary and other illnesses.

24. Unique Refinishers' employees, while protecting themselves from the toxic fumes the bathtub refinishing and reglazing chemicals caused, performed the work without providing proper ventilation or providing adequate protection or information to MATTHEW COOMBS.

25. Unique Refinishers acknowledged in its written contract with Chawla and Sons to perform the work that exposure to the refinishing and reglazing fumes is dangerous. Unique Refinishers was negligent in the work it performed at the hotel by failing to provide adequate protective measures to MATTHEW COOMBS who was required to inspect and supervise the work. Unique Refinishers was negligent by failing to provide information that without proper ventilation, the fumes would enter other rooms and common areas at the Cleveland hotel where MATTHEW COOMBS lived and worked.

26. The injuries sustained by MATTHEW COOMBS while employed at the Cleveland Hotel were so severe that Dr. Jones at St. Dominic's Hospital in Jackson, Mississippi, where he had been emergency airlifted, determined that MATTHEW COOMBS was on the brink of death when he presented at St. Dominic's in January of 2011.

27. MATTHEW COOMBS returned to Florida in early 2011, and continues to suffer permanent lifelong injuries which prevent him from working and performing even the most basic

tasks around his home. Further, the exposure to the toxic chemicals caused MATTHEW COOMBS to suffer a brain injury, including but not limited to short term memory loss, irritability, depression, and anxiety.

### REPRESENTATION OF PLAINTIFFS BY THE DEFENDANTS

28. On July 11, 2011, MATTHEW COOMBS entered into an agreement with the Defendant Firm. See agreement for services attached hereto as **Exhibit A**. At all material times hereto, the Defendants were aware that MATTHEW COOMBS was married to SHERRI COOMBS. The Defendants represented that SHERRI COOMBS may have had a valuable claim for loss services and loss of consortium, yet failed to assert such claims.

29. The Defendants knew or should have known that SHERRI COOMBS had a claim for loss of consortium and lost services in the underlying case, as a result of the injuries sustained by MATTHEW COOMBS. The Defendants neglected to bring a derivative claim on behalf of SHERRI Coombs.

30. The Defendant Firm is being sued for direct, as well as vicarious liability in its corporate capacity as a law firm and employer of Defendant Goidel and Defendant McCallion.

31. At all material times hereto, Defendant Goidel was an employee, shareholder, and/or agent of the Defendant Firm, therefore subjecting the Defendant Firm to direct and vicarious liability for the acts and omissions of Defendant Goidel.

32. At all material times hereto, Defendant McCallion was an employee, shareholder, and/or agent of the Defendant Firm, therefore subjecting the Defendant Firm to direct and vicarious liability for the acts and omissions of Defendant McCallion.

33. MATTHEW COOMBS spoke with the Defendants on numerous occasions both before and after he retained the Defendant Firm. The Defendant Firm, as well as Defendant Goidel, represented that Defendant Goidel would act as lead trial counsel in the underlying claim, would join the case as trial counsel, would oversee the pre-trial work of Defendant McCallion, the attorney who would prepare the case for trial.

34. Defendants McCallion and Goidel were responsible for completely representing MATTHEW COOMBS with regards to the personal injuries he suffered from exposure to toxic chemicals, which included asserting claims on behalf of SHERRI COOMBS.

35. Defendant McCallion held himself out as an attorney with the Defendant Firm.

36. Defendant McCallion represented himself on the Internet and on pleadings in the underlying case as an attorney with the Defendant Firm.

37. The Defendants represented themselves both directly and in their advertising as experienced in personal injury cases involving toxic exposure.

**DEVIATIONS FROM THE STANDARD OF CARE BY THE DEFENDANTS IN REPRESENTING PLAINTIFFS IN THE UNDERLYING CLAIM**

38. On December 11, 2011, the Defendants deviated from the standard of care by filing a complaint on behalf of MATTHEW COOMBS in the United States District Court for the Southern District of New York against Unique Refinishers and Intercontinental Hotels Group, PLC. Defendant subsequently filed an amended complaint, adding a third defendant, InterContinental Hotels Group Resources, Inc.

39. The Defendants deviated from the standard of care by failing to file a claim against HHF.

40. The Defendants deviated from the standard of care by failing to bring a loss of consortium and loss services claim on behalf of Sherri Coombs.

41. On June 12, 2012, the case was transferred to the U.S.D.C. for the Northern District of Mississippi, Delta Division.

42. Through the court's order dated March 27, 2013, the court dismissed MATTHEW COOMBS' claims against Intercontinental Hotels Group, PLC for lack of personal jurisdiction, and granted summary judgment in favor of InterContinental Hotels Group Resources, Inc. on all claims asserted against the entity.

43. Only the claims against Unique Refinishers arising from the re-glazing of the bathtubs at the Holiday Inn Express in Cleveland, Mississippi, continued.

44. Defendants' amended complaint in the underlying matter failed to properly allege personal jurisdiction over Intercontinental Hotels Group, PLC. See Complaint attached hereto as **Exhibit B**. *See* Civil Action Case No. 2:12CV102-M-A. The Defendants deviated from the standard of care by improperly suing InterContinental Hotels Group Resources, Inc. and Intercontinental Hotels Group, PLC, when the Defendants should have sued HHF, as the Holiday Inn franchisor to Chawla and Sons. The Defendants deviated from the standard of care by failing to sue HHF in the underlying case. It was a gross deviation from the standard of care for the Defendants to allege that InterContinental Hotels Group Resources, Inc. and Intercontinental Hotels Group, PLC, were responsible for maintaining the standards and inspecting the Greenville hotel, resulting in summary judgment being granted in favor of InterContinental Hotels Group Resources, Inc., and a motion to dismiss being granted in favor of Intercontinental Hotels Group, PLC.

45. Any injuries suffered by MATTHEW COOMBS from exposure to mold at the Greenville Hotel as a result of the negligence of third-party HHF were not properly litigated by the Defendants.

46. Defendants deviated from the standard of care by failing to properly prosecute the claims related to MATTHEW COOMBS exposure to mold at the Greenville, MS Holiday Inn Express by:

    a. Improperly suing InterContinental Hotels Group Resources, Inc. and Intercontinental Hotels Group, PLC;

    b. Failing to bring a negligence action against HHF, the licensor charged with the duty to ensure high safety standards at the subject motels, which included the Greenville Holiday Inn Express.

47. The Defendants deviated from the standard of care by failing to inform MATTHEW COOMBS that his wife SHERRI COOMBS would also have a claim for loss of consortium and loss of services, and failing to assert such valuable claims.

48. The Defendants deviated from the standard of care by failing to respond to simple and routine discovery requests from the defendants in the underlying case.

49. The Defendants deviated from the standard of care by failing to respond to simple and routine requests to produce which resulted in an order from a federal court judge in the Northern District of Mississippi preventing MATTHEW COOMBS from presenting and introducing evidence related to out of pocket expenses, prescriptions, or over the counter medications. *See* Order on Motion to Compel dated June 12, 2013, attached hereto as **Exhibit C**.

50. Defendants' "wholly insufficient" response to an interrogatory related to future medical expenses as a result of MATTHEW COOMBS' injuries resulted in the court ordering that he was prohibited from presenting or introducing any evidence at trial that he will incur any future hospital, psychological, medical or drug expenses. *See* Exhibit C. The Defendants deviated from the standard of care by filing the "wholly insufficient" responses, leading to such evidentiary sanctions.

51. The Defendants deviated from the standard of care by failing to obtain all necessary experts, including but not limited to a toxicologist, psychologist, economist, pulmonologist, rehabilitation expert, and other experts necessary to prove causation and damages.

52. The Defendants' omissions and mistakes in discovery caused MATTHEW COOMBS to be prohibited from introducing any evidence at trial to support his claim that Unique Refinishers utilized improper safety measures refinishing and reglazing bathtubs or that the acts/omissions of Unique Refinishers caused MATTHEW COOMBS' alleged damages and injuries. The Defendants deviated from the standard of care by failing to properly participate in discovery and failing to file adequate responses to discovery requests propounded by the defendants in the underlying claim.

53. The Defendants' wholly insufficient responses to discovery requests further caused MATTHEW COOMBS to be prohibited from introducing at trial expert witness testimony concerning causation or damages. Thus, the Defendants deviated from the standard of care by submitting wholly insufficient responses to discovery requests.

54. The Defendants deviated from the standard of care by failing to engage in any discovery on behalf of MATTHEW COOMBS until approximately May 9, 2013, only fifteen (15) days before the expiration of the extended discovery deadline.

55. The Defendants' gross omissions and mistakes in conducting discovery caused MATTHEW COOMBS to be prohibited from introducing evidence at trial of prior notice of dangerous or unsafe conditions related to the Holiday Inn Express in Cleveland, Mississippi. The Defendants' discovery omissions and mistakes, including their "wholly insufficient" responses, deviated from the standard of care.

56. The court in the underlying case by written order warned Defendant McCallion that if he continued to fail to comply with court orders, the court would revoke his *pro hac vice* status.

57. The Defendants failed to attend the scheduled and noticed pre-trial conference at which the attorneys trying the case were required to be present. The Defendants deviated from the standard of care by failing to attend the pre-trial conference. Defendant McCallion's failure to attend the pre-trial conference resulted in McCallion being unable to participate in trial.[2]

58. The Defendants deviated from the standard of care by failing to attend court ordered mediation in the underlying case.

59. The Defendants failed to properly allege, bring, and support its claim for punitive damages. Defendants' failed to conduct any discovery that would have uncovered evidence

---

[2] In addition, the Defendants failed to appear and attend the schedule and noticed mediation conference; only local counsel appeared on MATTHEWS COOMBS behalf. As a direct result of the Defendants' acts and omissions, the case was forced to settle at mediation far below its value because of all of the court's orders prohibiting MATTHEW COOMBS from introducing to a jury the documentary and testimonial evidence necessary to support his claims and alleged damages.

11

supporting MATTHEW COOMBS' claim for punitive damages in the underlying case. Defendants' failed to even list SHERRI COOMBS or the Plaintiffs' son, Justin Coombs as witnesses to the psychological injuries suffered by MATTHEW COOMBS as a result of his exposure to the toxic chemicals used by Unique Refinishers. Because of the Defendants' failures and their deviation from the standard of care, they were prohibited from calling MATTHEW COOMBS' wife and son as witnesses at trial.

60. The Defendants deviated from the standard of care by failing to retain an expert to testify as to any opinion related to any safety measure or equipment that Unique Refinishers could have used during their work or such that would have prevented the alleged injuries.

61. Defendant Goidel admitted that egregious malpractice was committed by Defendant Firm's employee, Defendant McCallion, during the course of the Defendant Firm's representation of MATTHEW COOMBS. See email correspondence attached hereto as **Exhibit D.**

## COUNT I
## BY MATTHEW COOMBS AGAINST ALL DEFENDANTS
## FOR LEGAL MALPRACTICE

62. MATTHEW COOMBS incorporates by reference Paragraphs 1-61 as though fully set forth herein.

63. Defendant Firm was retained by MATTHEW COOMBS to bring a personal injury action on his behalf against certain entities who were responsible for the injuries he suffered from toxic chemical exposure which exacerbated an earlier mold exposure.

64. The Defendants owed a duty of reasonable care to MATTHEW COOMBS to prosecute and litigate his case with reasonable care and professionalism.

65. The Defendants failed to exercise reasonable care during its representation of MATTHEW COOMBS in Case No. 2:12-CV-00102-DMB, United States District Court, Northern District of Mississippi, Delta Division.

66. The Defendants' failure to exercise reasonable care was the proximate cause of the damages suffered by MATTHEW COOMBS, which is the amount MATTHEW COOMBS would have recovered but for the Defendants' negligence.

67. MATTHEW COOMBS has suffered substantial damages as a result of the Defendants' negligence.

## COUNT II
## BY SHERRI COOMBS AGAINST
## ALL DEFENDANTS FOR LEGAL MALPRACTICE

68. Plaintiffs incorporate by reference Paragraphs 1-61 as though fully set forth herein.

69. Defendant Firm was retained by MATTHEW COOMBS to bring a personal injury action on his behalf including all derivative claims available to SHERRI COOMBS, against certain entities who were responsible for the injuries he suffered from toxic chemical exposure which exacerbated an earlier mold exposure.

70. MATTHEW COOMBS expected Defendant Firm, to exercise reasonable care, discuss, and bring a claim for loss services and loss consortium, which included the damages suffered by SHERRI COOMBS.

71. The Defendants owed a duty of reasonable care to MATTHEW COOMBS to prosecute and litigate his case with reasonable care and professionalism, and thereby also bring a claim for loss of services and loss of consortium on behalf of SHERRI COOMBS.

72. A loss of services claim should have been included with the underlying causes of action on behalf of SHERRI COOMBS. To the extent that such a cause of action was not independent and could only be brought derivatively on MATTHEW COOMBS' cause of action, the Defendants owed a duty to MATTHEW COOMBS and SHERRI COOMBS to assert all claims available to both MATTHEW COOMBS and SHERRI COOMBS.

73. The Defendants failed to exercise reasonable care during its representation of MATTHEW COOMBS and SHERRI COOMBS in Case No. 2:12-CV-00102-DMB, United States District Court, Northern District of Mississippi, Delta Division.

74. The Defendants' failure to exercise reasonable care was the proximate cause of the damages suffered by SHERRI COOMBS, which is the amount SHERRI COOMBS would have recovered but for the Defendants' negligence committed by omitting SHERRI COOMBS claims for loss services and loss of consortium.

75. SHERRI COOMBS has suffered substantial damages as a result of the Defendants' negligence.

WHEREFORE, PLAINTIFFS demand judgment against Defendant Goidel and Siegel, LLP, Defendant Jonathan M. Goidel, and Defendant Peter H. McCallion for damages, costs of this action, prejudgment interest, post judgment interest, attorney's fees if allowable, and such other relief as this court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury of all issues so triable.

This the 4th day of March, 2016.

Respectfully submitted,

/s/ Philip W. Thomas
PHILIP W. THOMAS
MS Bar No. 9667

OF COUNSEL:

PHILIP W. THOMAS LAW FIRM
Post Office Box 24464
Jackson, Mississippi 39225-4464
226 North President St. (39201)
pthomas@thomasattorney.com
(601) 714-5660


STEVEN R. ANDREWS
sandrews@andrewslawoffice.com
BRIAN O. FINNERTY
bfinnerty@andrewslawoffice.com
RYAN J. ANDREWS
ryan@andrewslawoffice.com
service@andrewslawoffice.com
The Law Offices of
STEVEN R. ANDREWS, P.A.
822 Monroe Street
Tallahassee, Florida 32303
Tel: (850) 681-6416 / Fax: (850) 681-6984